LOUIS W. POMERENE V. SCHOOL DISTRICT NO. 56, BUTLER COUNTY.

FILED SEPTEMBER 23, 1898. No. 8233.

1. **School Districts: INDEBTEDNESS: TIME WARRANTS.** A school district may not incur indebtedness in the erection of a schoolhouse and issue in evidence thereof warrants payable at a future date and bearing interest. (*State v. Sabin*, 39 Neb. 570, followed.)

2. ———: ———: ———: **CONTRACTS.** A contract with a district board providing for payment in such time warrants is tainted with the same vice as the warrants themselves, and no recovery can be had thereon.

3. ———: **CONTRACTS: ASSUMPSIT.** Whether a person who has performed work under such a contract may recover therefor on an implied assumpsit, not decided, it appearing that the action so far as based on that theory was barred by the statute of limitations.

ERROR from the district court of Butler county. Tried below before WHEELER, J. *Affirmed.*

*Ricketts & Wilson,* for plaintiff in error.

*S. H. Steele, Steele Bros.,* and *A. J. Evans, contra.*

IRVINE, C.

In substance the petition in the district court alleged that the voters of the defendant school district September 12, 1887, authorized the issue of bonds in the sum of $16,000 to complete a ward school building and to erect a high school building, and at the annual meeting held April 2, 1888, the board of education was by the electors

authorized to put into the high school building, then in course of construction, a steam heating apparatus; that of the proceeds of the bonds $4,000 was used in completing the ward building, and $10,000 in constructing the high school building; that the board advertised for bids for the steam heating apparatus, Pomerene & Percival tendered a bid therefor and the contract was let to them. A copy of the bid and acceptance is incorporated into the petition. The bid provides for payments as follows: "On completion of the work $325 cash payment; $500 in warrant due Sept. 1, 1890; $500 in warrant due March 1, 1891." The petition then alleged that the board of education accepted the work September 2, 1889, and issued warrants in accordance with the contract; that the warrant last to mature had not been paid, although a tax had been levied and collected sufficient to pay it. It was further averred that the price stipulated was the reasonable value of the work performed, and that the claim is now the property of the plaintiff. A demurrer to this petition was sustained, and the action dismissed. It will be seen that the petition, while drawn in a single count, has a triple aspect. It might be regarded as a suit on the warrant, a suit on the special contract, or on a *quantum meruit.*

So far as the action is based on the warrant it has already been by this court decided adversely to the plaintiff. (*State v. Sabin,* 39 Neb. 570.) That was an application for a writ of mandamus to compel payment of the warrant. At the close of the opinion it is said that the court was not then required to determine what remedy, if any, was open to the plaintiff; certainly it was not mandamus. While therefore only the duty of paying the warrant was there directly determined, it was held that no such duty existed for the reason that the school board was without authority to issue a "time warrant"—that is, one payable at a future day, and bearing interest. That decision had for its fundamental principle that a district board is limited in its power by the statutes, and

that the statutes provide for the creation of debts for
erecting schoolhouses by the issuing of bonds. To per-
mit time warrants to be issued would be to suffer an
evasion of the statutory conditions under which alone
such indebtedness may be incurred. The decision fol-
lowed *School District v. Stough*, 4 Neb. 357, where it was
said that contracts for the erection of schoolhouses
should be made with reference to the funds in the treas-
ury for that purpose, and that the board has no power to
draw warrants on a fund which has been proposed but
not raised. *Andrews v. School District*, 49 Neb. 420, is in
line with the foregoing cases. Counsel refer to certain
statutory provisions which they claim imply a right to
incur indebtedness otherwise than by issuing bonds, and
we are asked to reconsider the questions decided in the
cases cited. The most that can be said of this branch of
the argument is that it shows that the main question
would as one of first impression be one whose solution
would be attended with doubt, but that is true of all
questions where precedent is of real assistance. It is
only those questions where the precedents are clearly
wrong that call for re-examination. Where the point
is on principle doubtful *stare decisis* is a safe maxim.
The reasons which render the warrant unenforceable ap-
ply with equal force to the contract. The case is not like
*Andrews v. School District*, where the contract was lawful
and only the warrants void. Here the contract expressly
provides for payment in illegal warrants, and is tainted
with the same vice as the warrants themselves.

It is suggested that it is only the district board which
is prohibited from incurring debts in such manner, and
that the electors themselves may do so or authorize the
board in that behalf. But the authority from the electors
here pleaded is merely to put in the steam heating ap-
paratus. The requirement of payment in time war-
rants appears for the first time in the contract made
by the board. The authority granted was to be exer-
cised in a lawful matter. The record affords no basis

for an inquiry as to the soundness of the distinction suggested.

Nor can we in this case determine whether, the work having been performed and accepted by the district, an implied assumpsit arose to pay therefor. If such an ob-ligation existed the cause of action arose on completion of the work, or at latest on its acceptance, which is shown by the petition to be September 2, 1889. This suit was brought June 7, 1895. The statute of limitations is a de-fense presented by the demurrer, and affords an effective bar to the implied assumpsit.

AFFIRMED.