## J. B. MARKEY V. SCHOOL DISTRICT NO. 18 OF SHERIDAN COUNTY.

FILED APRIL 19, 1899.   No. 8847.

1. **Schools and School Districts:** FURNITURE: TIME WARRANTS.   A school district has no authority to purchase school furniture and issue a warrant therefor payable in the future.   *Pomerene v. School District,* 56 Neb. 126, followed.

2. ———: CONTRACTS: TIME WARRANTS.   A recovery cannot be had on a contract with a district board providing for payment in time warrants.   (*Pomerene v. School District,* 56 Neb. 126.)

3. **Pleading.**   The ultimate or issuable facts to be established should be alleged in a pleading.

4. ———: CONCLUSIONS OF LAW: DEMURRER.   The averment of a mere conclusion of law in a pleading will not be taken as admitted by the filing of a general demurrer.

5. **Schools and School Districts:** CONTRACTS: RATIFICATION.   A school district cannot ratify a void contract entered into by its officers,

at least when it has not observed the conditions as prerequisites essential to make a valid contract in its inception.

6. **Implied Assumpsit:** LIMITATION OF ACTIONS. An action to recover on an implied assumpsit is barred at the expiration of four years after the cause of action arose.

7. **School Boards:** ACTS OF MEMBERS. An individual member of a school district board cannot bind his district by acts not authorized by the board.

ERROR from the district court of Sheridan county. Tried below before WESTOVER, J. *Affirmed.*

*W. W. Wood,* for plaintiff in error.

*Thomas L. Redlon* and *C. Patterson, contra.*

NORVAL, J.

It appears from the averments of the petition filed in the court below that the defendant School District No. 18 of Sheridan County, on August 5, 1886, entered into a written contract with the Union School Furniture Company whereby it agreed to furnish the defendant with certain school furniture of the stipulated value of $150, payment to be made, at the option of the defendant, in cash on the delivery of the furniture or an order on the treasurer of the school district for said amount payable on September 25, 1890; that the furniture was received by defendant and placed in the schoolhouse, and, pursuant to the terms and conditions of said contract, on October 18, 1886, the defendant issued to said Union School Furniture Company a warrant for $150, bearing interest at the rate of eight per cent per annum from the date thereof, payable September 25, 1890, and the plaintiff J. B. Markey is the present owner of said contract and order. A general demurrer to the petition was sustained by the district court, and the action dismissed. Plaintiff brings error.

The contract and order in question each required the amount therein specified to be paid at a date which had

not then arrived.    School district officers can contract
for the furnishing of schoolhouses only with reference to
money on hand and at the time available for that pur-
pose.    The officers of the school district possessed no
authority to make a contract or give a district order paya-
ble at a future time.    This principle has been frequently
stated and applied by this court. . (*School District v.
Stough*, 4 Neb. 360; *State v. Sabin*, 39 Neb. 570; *Andrews v.
School District of McCook*, 49 Neb. 420; *Pomerene v. School
District*, 56 Neb. 126.)    It follows that the contract and
order in question, at their inception, were illegal and
void.

. It is argued that the contract is enforceable, because
the same was subsequently ratified by the voters of the
district.    The averment in the petition, on that point,
is "that at a meeting of the voters of said defendant
school district, held on the 4th day of October, 1887, the
buying of said bill of school furniture, thereinbefore de-
scribed, was ratified by said legal voters."    This is the
statement of a mere conclusion, and not an allegation of
an ultimate or issuable fact, and therefore a ratification
of the contract was not sufficiently pleaded.    There is
also in the petition an averment to the effect that at a
meeting of the legal voters of the district a proposition
was unanimously carried to issue bonds to pay the debt
sued for in the present action, and it is insisted, in argu-
ment, by counsel for plaintiff that this constituted a rati-
fication of the action of the district board.    The contract
being void for want of authority to make the same, it was
incapable of ratification by the school district, or the
voters thereof, only upon the observance of the condi-
tions essential to the making of a valid contract in the
first instance.    (*Gutta Percha & Rubber Mfg. Co. v. Village
of Ogalalla*, 40 Neb. 775; *Tullock v. Webster County*, 40 Neb.
211; *Townsend v. Holt County*, 40 Neb. 852.)    These essen-
tial prerequisites to a legal contract the petition does not
state were observed in the attempted or alleged ratifica-
tion.

35

A recovery cannot be had in this case upon a *quantum meruit*, for the reason such cause of action, if it ever existed, arose, as disclosed by the petition, not later than October, 1886, and the action was not instituted until February 4, 1895, more than eight years after the acceptance of the furniture by the defendant. The action was fully barred by the statute of limitations when the petition was filed in the court below. (*Pomerene v. School District*, 56 Neb. 126.) An action to recover for an implied assumpsit is barred in four years after the cause of action arose.

The petition alleges that certain letters were written to the plaintiff by a director of the defendant district acknowledging the validity of the indebtedness, and promising to pay the same. It is obvious that a single officer of a school district cannot bind the district by acts not authorized by the board, or the majority of the members thereof when convened and acting as a board. It is not alleged that the director had been previously authorized by the district or district board to write the letters relied upon to prevent the running of the statute of limitations. The defendant, therefore, is not bound by the acknowledgment of the debt by the director, or the mere promise made by him to pay the same. (*People v. Peters*, 4 Neb. 254.)

The demurrer to the petition was properly sustained. The judgment is

AFFIRMED.