MARTHA J. PINKHAM, APPELLEE, V. JOHN H. PINKHAM
ET AL., APPELLEES, AND EMMA E. RYAN ET. AL., AP-
PELLANTS.

FILED FEBRUARY 20, 1901.   No. 11,168.

1. **Reply: STATUTE OF LIMITATION: FACTS: CONCLUSION: DISREGARD OF
   PLEADING.** A reply alleging that the defendant's counter-claim
   did not accrue within the period provided by law for asserting
   such claim, and containing no facts from which the conclusion
   is deduced, tenders no issue and such allegation may be entirely
   disregarded.

2. **Ejectment: PLEADING: PROOF: GENERAL DENIAL: EQUITABLE OWN-
   ERSHIP.** A defendant in the actual occupancy of land, may show
   under a general denial that he is the equitable owner, and thus
   defeat an action brought by the holder of the legal title to
   establish his ownership and recover possession of the property.

3. **Statute of Limitations: PROSECUTION: DEFENSE: DIFFERENCE IN
   RULE.** The right to commence and prosecute an action may be
   lost by delay, but the right to defend a suit for the possession
   of property is never outlawed.

4. **Evidence.** Evidence examined and found to support the decree.

5. **Error Procedure: PROPER PARTY.** A party, whose claim to property
   fails and whose rights are not affected by an erroneous decree,
   is not entitled to have such decree set aside or modified.

APPEAL from the district court for Otoe county.
Heard below before RAMSEY, J.   Rehearing of case re-
ported in 60 Nebr., 600.   *Former judgment adhered to.*

*A. C. Ricketts* and *Henry H. Wilson*, for appellants.

*John C. Watson*, *F. E. Brown* and *Frank Irvine*, contra.

SULLIVAN, J.

After a thorough consideration of the questions dis-
cussed by counsel we are entirely satisfied that the views
expressed in the opinion filed at the last term (*Pinkham
v. Pinkham*, 60 Nebr., 600) are sound and should be ad-
hered to.   The statute of limitations was not properly
pleaded and is, therefore, not in the case at all.   In the
reply of each of the appellants it is alleged: "3. That the

alleged action for the reformation of said instrument set forth in the amended answer did not accrue to the defendant, John H. Pinkham, within the statutory period provided by law for proceedings for the reformation of instruments." This is only the statement of a legal conclusion unaccompanied by the facts from which the conclusion is deduced; it is in effect an assertion that, in the opinion of the pleader, the appellee's counter-claim is barred. It has often been held here and elsewhere that such an allegation tenders no issue and may be disregarded altogether. *Barnes v. McMurtry*, 29 Nebr., 178; *Scroggin v. National Lumber Co.*, 41 Nebr., 195; *Jenks v. Lansing Lumber Co.*, 97 Ia., 342; *Eno v. Diefendorf*, 102 N. Y., 720; *Pope v. Andrews*, 90 N. Car., 401. In *Scroggin v. National Lumber Co., supra*, which was an action to foreclose a mechanic's lien, the answer stated: "That this suit was not brought within the time required by law, nor until after the so-called lien of plaintiff had expired by lapse of time." Of this averment the court, speaking through Commissioner IRVINE, said (p. 200): "The answer in this respect pleaded no facts. It simply averred that the suit was not brought within the time required by law, nor until after the lien had expired. These were statements of mere conclusions of law and not of any facts. Where a plea of the statute of limitations is required, the facts must, as in other cases, be pleaded and not the pleader's conclusions of law. * * * The plaintiff in error, not having raised the defense by demurrer, was required to raise it by answer, and this being so, he was required to raise it by an answer which would have been sufficient against demurrer to the answer itself. We hold, therefore, that the defense of the statute, not being raised at all by demurrer or sufficiently by answer, was waived." But if the statute of limitations had been properly pleaded, the plea could, under no circumstances, do more than defeat the counter-claim and bar affirmative relief; it could in no manner affect appellee's right to act defensively and by proving his equitable ownership of

the property show that appellants' claim of title and right of possession is unfounded. The right to commence and prosecute an action may be lost by delay, but the right to defend against a suit for the possession of property is never outlawed. The limitation law may, in a possessory action, deprive a suitor of his sword, but of his shield never.

With respect to the contention that appellee's counterclaim does not allege mutuality of mistake and is, therefore, defective in substance, little need be said. The evidence upon which the decree of reformation is based bears upon the issue raised by the general denial and was received at the trial without objection. It tends to prove that the instrument, under which John H. Pinkham claims title to the property in dispute, was given and accepted as a deed of conveyance, and furnishes abundant support for the finding and judgment of the district court. In other words, it effectually rebuts appellants' claim of ownership and right of possession by showing a superior equity in the appellee. If it be conceded that the answer in its present form does not entitle appellee to affirmative relief, it does not by any means follow that the decree granting such relief should be set aside. If necessary, the pleading might yet be amended to conform to the proof. *Humphries v. Spafford*, 14 Nebr., 488; *Homan v. Steele*, 18 Nebr., 652; *Scott v. Spencer*, 44 Nebr., 93; Strawn, Supreme Court Practice, 112. But we think no amendment is necessary. Pinkham, by the evidence adduced in support of his general denial, has shown that he has a right to the land which, although not recognized by the common law, is enforceable in equity. He has produced evidence by way of defense which defeats the action of Babcock and Ryan. They can not make good their claims to the property and consequently have no interest in it, and are not prejudiced by the decree of reformation.

The judgment heretofore rendered by this court stands affirmed.

JUDGMENT ACCORDINGLY.