WILLOW SPRINGS IRRIGATION DISTRICT V. JAMES WILSON.

FILED JUNE 22, 1905. No. 13,829.

1. **Irrigation: PRELIMINARY WORK.** An irrigation district may contract with a competent engineer to survey and furnish plans for the construction of a proposed canal, and from which the board of directors of the district may estimate the cost thereof and the amount of bonds to be voted therefor. Such work is preliminary to the work of construction, and the expense thereof is not to be paid out of the construction fund.

2. **Corporation: ACTION: PRESUMPTION.** In an action against a corporation based on a contract, the presumption obtains that the contract is within the power of the corporation to make, and that the officers executing it on behalf of the corporation acted within the law, unless the petition states facts showing the contrary.

3. ———: ———. Where a claim has been rejected or disallowed in part by the auditing board of a corporation, an original action may be instituted on the claim, in the absence of a statute directing other proceedings to enforce it.

ERROR to the district court for Garfield county: JAMES N. PAUL, JUDGE. *Affirmed.*

*A. M. Robbins,* for plaintiff in error.

*E. J. Clements* and *V. O. Johnson, contra.*

DUFFIE, C.

The petition in this case alleges that the defendant is an irrigation district duly organized under the laws of this state; that on November 20, 1895, soon after its organization, and for the purpose of enabling its directors to determine the amount of money necessary to be raised for the purpose of constructing an irrigation canal and acquiring the necessary property and rights therefor, it entered into a written contract with the plaintiff, by the terms of which it agreed to employ the plaintiff as engineer of said irrigation district, and to pay him for his services the sum of $5.50 a day for the time he was actually engaged in said services. A copy of the contract is attached to the petition. It is further alleged that the plaintiff performed 93¼ days' services for the defendant in making the surveys and plans for an irrigation canal and works for said district, and estimates of the cost of constructing the same, which survey, plans and estimates were accepted and adopted by the district; that on May 21, 1896, plaintiff presented to the defendant his account and claim for services amounting to $512.87, and the board of directors of the district audited said account and allowed only $350 on the same; that defendant neglected and refused to pay the amount due plaintiff for his services, or any part thereof, and he asks judgment for the amount of his claim, with 7 per cent. interest from April 30, 1896. A demurrer was filed to this petition, which was overruled, and thereupon the defendant answered. A trial was had to the court, resulting in a judgment for the plaintiff below for the sum of $305.25, with interest from November 20, 1896, at 7 per cent. per annum, making altogether $458. The defendant has brought the case to this court by petition in error, but has failed to file a bill of exceptions showing the evidence taken on the trial. In this condition of the case we can only examine the pleadings to determine whether they support the judgment entered,

It is vigorously contended by the plaintiff in error that the petition does not state a cause of action, and that it discloses facts avoiding the cause of action. The agreement made between the parties contains this stipulation: "The party of the second part further agrees to wait for the $5.50 per day, the consideration above named, until the same can be paid out of the first tax levy on said district, provided the same is paid within one year from date." It is urged that the district could not enter into any contract relating to the construction of the ditch until the funds had been provided to cover the expense, and *School District v. Stough,* 4 Neb. 357, *Markey v. School District,* 58 Neb. 479, and *Pomerene v. School District,* 56 Neb. 126, are cited in support of this contention. These cases were all based upon a statute which prohibits a school district from contracting for buildings and the furnishing of school houses until the fund therefor is provided, and unless the statute relating to irrigation districts contains a like prohibition the authorities cited are not applicable. Section 24, article III, chapter 93a, Compiled Statutes, 1903 (Ann. St. 6846), provides that "the cost and expense of purchasing and acquiring property and constructing the works and improvements herein provided for, shall be wholly paid out of the construction fund, or in the bonds of said district at their par value. * * * For the purpose of defraying the expense of the organization of the district, and the care, operation, management, repair, and improvement of such portions of said canal and works as are completed and in use, including salaries of officers and employees, the board may either fix rates of tolls and charges, and collect the same from all persons using said canal for irrigation or other purposes, or may provide for the payment of said expenditures by a levy of assessments therefor, or by both said tolls and assessments." These provisions make it plain that the construction funds can be used only in purchasing and acquiring property for the canal, and constructing the same, and this was the construction given

the section by this court in *Lincoln & Dawson County Irrigation District v. McNeal,* 60 Neb. 613. Section 13 makes it the duty of the board of directors, as soon after the organization of the district as practicable, to estimate and determine the amount of money necessary to be raised for the purpose of constructing the necessary canals and works, and acquiring the necessary property rights therefor, and otherwise carrying out the provisions of the act. It is evident that capable civil engineers will not be found among the directors of all the irrigation districts formed under the provisions of this act, and it is quite apparent that no estimate of any real value can be made by one not a civil engineer. It is a necessity, therefore, in order to obtain the approximate cost of the proposed work, that a civil engineer should be employed to run the line, and to ascertain as nearly as possible the amount of funds necessary to be raised for carrying on and completing the work. This was the opinion of the supreme court of California in *Cullen v. Glendora Water Co.,* 113 Cal. 503, 526, 39 Pac. 769, in construing a similar statute. In that case it is said:

"While I am inclined to the opinion that the statutory requirements that an estimate must be made implies that it must be made by a competent engineer upon such plans or data as that it may be approximately correct, and that it should be recorded in the office of the district, or otherwise made accessible to all parties interested, it is not necessary so to decide in this case." On rehearing, reported in 113 Cal. 503, 510, 45 Pac. 822, it was said: "We think that the language of the act (St. 1891, p. 147, sec. 15) clearly implies that there must be some plan or plans in the alternative, before an estimate can be made, and that without such plan or plans there can be no real estimate."

The object of the statute under consideration was undoubtedly to allow the people of the district to examine and know the plan of the proposed improvement, and the estimated cost thereof, before they incurred the burden of

the indebtedness necessary to complete the proposed works; and it is necessary, in order to prepare any definite plan and to obtain any reliable estimate, that the services of an engineer should be secured. This is all to be done before bonds are voted or any tax laid. The expense is not incurred in the construction of the canal, but in obtaining information necessary to the voters of the district, in order that they may act intelligently upon the question, and say whether they will enter upon the construction at all or not. In our opinion, the contract in question is not only one that the district might enter into, but which it was necessary to make under the provisions of the law.

It is further urged that, as an irrigation district is a body of limited powers, in a suit brought upon a contract made by the district, the petition should allege that the corporation had power to make the contract sued on, and that it was made at a regular meeting of the board of directors, or some special meeting called for that purpose. The general rule is that, in actions against a corporation upon a contract, it is not necessary to allege either that the corporation had power under its charter or governing statute to enter into the contract or that its officers by whom the contract was made in its behalf were duly empowered or authorized thereto. These are matters of defense. In *Montague v. Church School District*, 34 N. J. L. 218, a suit upon a note of the school district, the court said:

"In declaring on a promissory note, it is not necessary to aver that in its creation the corporate body which gave it acted within its power. It is sufficient for the holder to declare upon the instrument as the act of the defendants, and if it be *ultra vires,* he will fail upon the trial of the cause."

So in *Red Willow County v. Davis*, 49 Neb. 796, it was held that, "where a petition alleges and a demurrer admits that the plaintiff was employed by the county board to render professional services as a physician for a

pauper, the presumption will be indulged that the county board kept within the law in employing the physician, and that a poorhouse had, prior to that time, been established and opened in said county for the reception of its paupers."

It is also insisted that the only remedy available to the plaintiff below for the collection of his claim is by presenting the same to the defendant's board of directors, and obtaining its allowance in whole or in part by said board; that as he presented it for allowance and the board made an order awarding him $350 for his service, and the statute not providing for an appeal from such order, it is final and conclusive, and no action can be maintained on the original claim. We know of no rule which precludes a party from maintaining an action against a corporation, public or private, where its proper auditing board has refused to allow the claim in whole or in part. It is true that the holder of a claim against a county must present it to the county board, and appeal to the district court from an order rejecting the claim; but this is so only because the statute has provided that mode of procedure, and, in the absence of the statute, suit might be instituted against the county in the first instance.

We find no reversible error in the record, and recommend an affirmance of the judgment.

JACKSON, C., concurs. ALBERT, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

SEDGWICK, J., not sitting.