INCORPORATED TOWN OF GILMAN v. FERNALD.

(Circuit Court of Appeals, Eighth Circuit. October 21, 1905.)

No. 2,148.

1. MUNICIPAL CORPORATIONS—LIABILITY FOR BORROWED MONEY—INVALIDITY OF BONDS.

Where a municipal corporation in Iowa, having power to borrow money, but not to issue negotiable bonds, borrowed a sum which it used for an authorized purpose, the fact that it issued to the lender its negotiable bonds, which were ultra vires and void, will not preclude him from recovering the sum lent in an action for money had and received.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1992.]

2. SAME—LIMITATION OF ACTION FOR MONEY HAD AND RECEIVED.

Where a municipality issued void bonds as evidence of an indebtedness which it had the power to incur for money of which it received the benefit, and subsequently paid the holder interest on the bonds as it matured, the statute of limitations did not begin to run against an action to recover the money so long as the municipality recognized its express obligation to pay the bonds by paying the interest thereon.

In Error to the Circuit Court of the United States for the Southern District of Iowa.

See 123 Fed. 797.

J. P. Lyman and Thomas A. Cheshire, for plaintiff in error.
Joe R. Lane and C. M. Waterman, for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

ADAMS, Circuit Judge. On May 10, 1888, the incorporated town of Gilman, in the state of Iowa, plaintiff in error, by due action of the town council adopted an ordinance entitled:

"An ordinance authorizing a loan of $2,500.00, to be raised by issuing bonds to provide for the establishment of waterworks, with necessary tank, windmill, pump, pipes, hydrants, and other necessary appurtenances for the same, and for the purchase of a fire engine and its apparatus for the town of Gilman, Iowa."

The ordinance provides that no more of the bonds should be signed, issued, or negotiated than were necessary for the purpose of constructing the contemplated waterworks, and that the money arising from the sale of the bonds should be used for no other purpose. Section 3 of the ordinance provides as follows:

"The faith of the town of Gilman is hereby pledged for the payment of said principal sum of $2,500.00 and the interest thereon."

On the same day the town council passed another ordinance providing for the assessment and collection of an annual special tax of two mills on the dollar to create a sinking fund for the gradual extinguishment of the bonds, to be issued under the authority of the first mentioned ordinance. Pursuant to the authority of these ordinances, the town on July 1, 1888, executed and delivered to one William H. Fernald its five certain negotiable bonds, each for the sum of $500, maturing July 1, 1898, with 20 coupons attached, each representing interest ac-

cruing during the preceding six months, at the rate of 7 per cent. per annum. These bonds soon after their execution were delivered to William H. Fernald, named therein as payee, who then paid the city the full face value therefor. The semiannual interest coupons were paid regularly by the town to William H. Fernald, the holder of the bonds, for nine and one-half years, until July 1, 1898, when the last one matured. Then, for the first time, the town refused to pay the interest maturing on the bonds, refused to pay the principal which matured on that day, and first gave Fernald to understand that it intended to repudiate its apparent express obligation as evidenced by the bonds. The ground assigned for such refusal was that the bonds were void, because, among other reasons, they were made negotiable in form and without any statutory authority for that purpose, express or implied. During the 10 years from the date of the issue of the bonds until the date of the maturity of the same, the town had made use of all the money received from Fernald for the bonds in strict compliance with the provisions of the ordinance, in constructing a system of waterworks, and during all this time had enjoyed the benefit of the waterworks, and was, at the maturity of the bonds, and now is in possession and enjoyment of the same. After the refusal to pay the interest or principal on July 1, 1898, William H. Fernald, the payee named in the bonds, assigned them to Louis P. Fernald, the defendant in error, plaintiff below, and with them, also, all claims against the town of Gilman which he might have. Afterwards, on January 10, 1903, the defendant in error, hereafter called plaintiff, instituted this suit in the Circuit Court for the Southern District of Iowa against the defendant, counting upon the bonds themselves and also, in one count, for money had and received by the town under an implied agreement to repay the same. A judgment was recovered on the last-mentioned count, and defendant brings this case here by writ of error for reversal of the same. The question decisive of the case, duly presented by the assignment of errors, will appear later.

The bonds were payable to William H. Fernald, or order, for a definite sum of money, at a time fixed, and were payable absolutely and without condition. They were therefore negotiable instruments within the law merchant. At the time in question the only statutory provision authorizing the town of Gilman to borrow money was contained in section 500 of the Iowa Code of 1873, which was as follows:

"Loans may be negotiated by any municipal corporation in anticipation of the revenues thereof, but the aggregate amounts of such loans shall not exceed the sum of 3 per cent. upon the taxable property of any city or town."

This statute, it is observed, authorized the borrowing of money by any municipal corporation, but it did not authorize the issuance or delivery of negotiable bonds as evidence of the loans. The Supreme Courts of the United States and of the state of Iowa have held, and such is now the controlling law, that negotiable bonds issued by municipalities under such statutes as that just quoted are ultra vires and void, and that, in order to issue bonds or obligations for money borrowed which will circulate in the market as negotiable securities, there must be express statutory authority. Merrill v. Monticello, 138 U. S. 673, 11 Sup. Ct. 441, 34 L. Ed. 1069; Brenham v. German American Bank, 144 U. S.

173, 12 Sup. Ct. 559, 36 L. Ed. 390; Barnum v. Okolona, 148 U. S. 393, 13 Sup. Ct. 638, 37 L. Ed. 495; Heins v. Lincoln, 102 Iowa, 69, 71 N. W. 189. See, also, German Insurance Co. v. City of Manning, Iowa (C. C.) 95 Fed. 597.

Learned counsel for plaintiff do not in argument or brief question the application of this rule of law to the present case. For the purposes of this case, they concede that the bonds in question were issued without statutory authority, and for that reason were void as evidence of plaintiff's right of recovery. They therefore plant their right of recovery upon the seventh count of the petition, which is for money had and received. This count, after stating the facts connected with the issue and delivery of the bonds to William H. Fernald, the payment by him to the town of $2,500, the use of this money by the town for the purpose of building its waterworks, the retention of the advantage secured by the town by the use of his money, alleges, further, that the defendant recognized—

"And treated them as valid municipal obligations, and regularly paid the interest thereon as therein provided, up to the 1st day of July, 1898, when each of said bonds and the last interest coupons matured, that up to said last-mentioned date, by no act or expression of said municipality or its officers, representatives, or inhabitants, had plaintiff or his assignor, William H. Fernald, been given any reason to believe, nor did they or either of them believe, that the obligation purporting to be incurred by said municipality, by the terms of said bonds and each of them, would not be kept and performed fully to the letter by said town."

The defendant in its answer to the seventh count admits the purchase by William H. Fernald of the bonds in question, the payment by him of $2,500 therefor, the receipt of money by the mayor of the defendant town, and the payment by him of the same for the construction of the system of waterworks; admits that the defendant regularly paid the interest thereon up to the 1st day of January, 1898; admits that it did not pay the last interest coupon or the principal of the bonds, and that it refused to pay the same. The defendant sets up the fact that the bonds were negotiable, and for that reason ultra vires and void, and further pleads the statute of limitations to the effect that the money paid by Fernald for the void bonds on July 1, 1888, conferred upon him a present and immediate right to institute a suit for its recovery, and that the statute of limitations of the state of Iowa applicable to an action to recover such money barred the right of action in five years thereafter.

Learned counsel for defendant, with the same candor which prompted counsel for plaintiff to make concessions, concede in argument and brief, as we understand them, that the weight of authority authorizes the recovery of money paid in circumstances such as those disclosed by this record, notwithstanding the fact that the bonds evidencing the loan were ultra vires and void; and state that the real question for consideration is whether the right to recover the amount of the loan at the time the seventh count in the petition was filed was barred by the statute of limitations. We might, therefore, properly assume that the only question requiring consideration at our hands is that relating to the statute of limitations; but, lest we misunderstand the meaning of counsel, we

briefly state our views concerning the right of plaintiff to maintain this action on the common count for money had and received.

By the provisions of section 471 of the Code of Iowa (1873) power in the abstract is conferred upon cities and incorporated towns of that state to erect or to authorize the erection of waterworks. By the provisions of section 500 of the same Code, power was conferred upon the municipal corporations of the state to negotiate loans for municipal purposes in anticipation of the revenue. No power was at the time in question conferred upon the municipalities of the state to issue bonds or negotiable securities to evidence such loans. Notwithstanding this want of power to issue negotiable securities, the town, having borrowed of William H. Fernald, pursuant to the power conferred by section 500 of the Iowa Code, the sum of $2,500, gave to him as evidence of his claim the five certain negotiable bonds in question. These bonds, as already seen, were void for want of power to issue them, but the obligation to pay the loan made pursuant to the power conferred by law was not avoided by the fact that an unwarranted evidence of the loan was executed. Notwithstanding such fact, the money loaned, if used by the municipality for its own benefit, may be recovered. Hitchcock v. Galveston, 96 U. S. 341, 24 L. Ed. 659; Chapman v. County of Douglas, 107 U. S. 348, 2 Sup. Ct. 62, 27 L. Ed. 378; Read v. Plattsmouth, 107 U. S. 568, 2 Sup. Ct. 208, 27 L. Ed. 414; Hedges v. Dixon County, 150 U. S. 182, 14 Sup. Ct. 71, 37 L. Ed. 1044; Geer v. School District No. 11, 49 C. C. A. 539, 111 Fed. 682, and cases cited.

We are, therefore, not only by the concession of counsel, but by controlling authority, brought to the conclusion that plaintiff has a right to recover in this action on the seventh count of his petition, unless such right is barred by the statute of limitations. Section 3447 of the Code of Iowa, supra, which controls this question, is as follows:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared: * * * (6) Those founded on unwritten contracts, those brought for injuries to property, or for relief on the ground of fraud in cases heretofore solely cognizable in a court of chancery, and all other actions not otherwise provided for in this respect, within five years."

The claim of the town is that the cause of action accrued to plaintiff's assignor on July 1, 1888, immediately upon the payment by him of the $2,500 to the town; therefore that his right of action was barred in five years thereafter, namely, on June 30, 1893, notwithstanding the fact that during all this time the town continued to pay the interest as expressed in its written contract. Such interest was paid without objection or intimation of any infirmity in the written contract until July 1, 1898, when, for the first time, the town repudiated the written contract and declined to pay either the interest or principal called for by it. This suit was instituted January 10, 1903, counting only on the bonds, and by leave of court on June 12, 1903, an amendment was filed counting on the implied obligation to pay the debt notwithstanding the invalidity of the bonds as such. The filing of this amendment, if indeed it shall be regarded as the institution of the present suit (which we do not assert),

was clearly within five years from the date of defendant's repudiation of the void bonds.

On the question when the statute begins to run in cases of this kind we need say but little. This court in two opinions has passed upon what we conceive to be the very question now involved, and has held in substance that when a municipality issues void bonds as evidence of an indebtedness which it had power to incur, for work or property of which it received the benefit and subsequently paid the holder of the bonds interest as it matured according to the tenor of the bonds, the statute of limitations does not begin to run against an action brought to recover the money as long as the municipality recognizes its express obligation to pay the bonds and pays the holder interest thereon according to the requirement of the bonds themselves. We have re-examined the question in the light of the exhaustive and able briefs of the counsel for the defendant town, and fail to discover any reason for receding from the views expressed and adopted by this court in the two cases of Geer v. School District No. 11, supra, and Board of Commissioners v. Irvine, 126 Fed. 689, 61 C. C. A. 607. We also fail to discover any substantial difference in the facts of the case now before us and those involved in the Geer Case, except that the case now under consideration presents a stronger showing of no purpose to repudiate the express contract, but rather a determined and settled purpose to observe its requirements up to the time of the maturity of the bonds. In this case there was not only a continuous recognition of the written obligation, by the payment of interest called for by the bonds, until their full maturity, but a provision made by ordinance for the creation of a sinking fund to meet the principal when it should fall due. Not only so, but the evidence discloses that $850 has actually been collected from the taxpayers for the purpose of this sinking fund.

This court should be slow to overrule its twice-expressed opinion in aid of a highly technical defense to what must be conceded to be a most meritorious cause of action—a cause of action based on a claim against a town for money actually used in constructing one of its most salutary and necessary public utilities. We therefore decline to do so, and, on the authority of the two cases last cited, affirm the judgment rendered below.