THOMAS J. O'NEILL, APPELLANT, v. CITY OF SOUTH OMAHA, APPELLEE.

FILED DECEMBER 14, 1918. No. 20063.

Limitation of Actions. "An action to recover on an implied assumpsit is barred by the expiration of four years after the cause of action arose." *Markey v. School District*, 58 Neb. 479.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*A. H. Murdock* and *John P. Breen,* for appellant.

*W. C. Lambert, John A. Rine* and *F. L. Weaver,* contra.

LETTON, J.

This is an action to recover for partially grading a street in South Omaha, under a contract with the city. The first cause of action is based upon the contract. The second count seeks to recover the reasonable value of grading, alleging that the city accepted and appropriated to its use all of the earth and labor performed, but refused to pay for the same: A general demurrer was filed to the petition, which was sustained, and the action dismissed.

The petition alleges in substance that, following a petition filed by abutting property owners, the city council of South Omaha passed an ordinance creating an improvement district; that an estimate was made by the city engineer that it required 85,000 cubic yards of

earth to bring the street to the established grade, and estimated the cost of doing the grading at $14,450. Afterwards the plaintiff, by a communication addressed to the city council, offered to haul the dirt from certain lots and dump it on the street to be graded, "and when the contract is finally let for the grading of O street and said work completed, that the undersigned be refunded, for each yard of dirt so deposited on O street, a sum equivalent to the price per yard which the city has to pay for the grading of said O street." A resolution was passed by the council accepting this proposition, and instructing the mayor and city clerk to enter into a contract with the plaintiff in accordance with its terms.

More than sufficient funds were on hand and duly appropriated for that purpose to cover the costs and expenses of said undertaking. Plaintiff, in pursuance of the contract and under the direction of the city engineer, between June 18 and December 1, 1906, hauled from said lots and deposited in the street at the place directed 8,990.5 yards of dirt, which was accepted by the city. In January, 1910, after complying with all requirements as to advertising and competitive bidding, the city let the contract to one Hannon for the completion of the grading at 18.45 cents a cubic yard, and in November, 1910, the plaintiff demanded payment for the earth deposited by him in the street at this price, which defendant refused to pay.

As to the first count, the petition shows on its face that no valid contract was entered into. None of the statutory requirements for competitive bidding were carried out. The fact that the price was to be fixed at some indefinite time in the future, under a legal contract to be then made with another, could not legalize this transaction. The price depended upon a contingency liable to be affected by many elements. Under the statute the city council could not be bound by such

an uncertain and indefinite agreement. The demurrer to the first count was properly sustained.

Plaintiff seeks, by the second count, to recover the reasonable value of the grading. The city takes the position that the statute of limitations had run against any claim upon *quantum meruit*, or implied assumpsit, for the reason that the dirt was deposited in 1906, and the action was not begun, so far as this count is concerned, until more than four years thereafter. The city had power in good faith to enter into a contract of this nature. The right of recovery where the city, under a contract entered into in good faith, but which is void for the lack of statutory requirements, has accepted and still retains the benefit of it, has been established by *Lincoln Land Co. v. Village of Grant,* 57 Neb. 70, *Rogers v. City of Omaha,* 76 Neb. 187, *Nebraska Telephone Co. v. City of Red Cloud,* 94 Neb. 6, and other cases.

Defendant insists that this theory of the law is unsound. Probably the weight of authority in other states is that no recovery can be had in such cases; but the doctrine has been held in this state for many years, and no evil results, such as seem to be feared by courts holding to the contrary, have been manifested. The doctrine appeals to one's sense of justice and fair dealing, and we adhere to it. If the lawmakers deem the law thus laid down inimical to the public welfare, it may be changed by statute.

Plaintiff argues that, in order to recover in such an action, there must have been an attempt in good faith to enter into a contract, and that the terms of it must be considered by the court; that by the terms of the contract plaintiff could maintain no action against the city until the price has been fixed by a subsequent legal contract; that this event did not occur until 1910, and therefore his right of action did not accrue until that time.

A mere voluntary rendering of services, or of supplies, to the city, without more, could not give a right of action. It is only to show that the plaintiff was not a mere volunteer, but that the city was in a certain sense party to the transaction, that the contract which was attempted to be entered into was material in the case. The terms of the contract cannot govern either the price or the time of payment, if the recovery is not upon the contract, but upon an implied assumpsit.

In an action against a school district upon a contract for the erection of a steam-heating apparatus, it was held that the contract was invalid, and no recovery could be had upon it. Recovery was not permitted upon implied assumpsit, because the work was completed and accepted more than four years before the beginning of the action. *Pomerene v. School District,* 56 Neb. 126. A similar case was *Markey v. School District,* 58 Neb. 479, where it was shown that the action was not instituted for more than eight years after the acceptance of certain school furniture by the defendant.

The petition recites that the earth was deposited under the direction of the city engineer, "so as to immediately fill up large holes which had been washed by the rains in and across said street, so as to render that portion of it available for travel as soon as possible," and that between June 18, 1906, and December 1, 1906, the dirt was hauled and the city accepted the same.

Plaintiff's cause of action accrued when the city accepted the dirt and retained it. It is therefore barred by the four-year statute of limitations. Moreover, there was ample time, using due diligence, to prosecute the action after the price had been determined, and within four years. The judgment of the district court is

AFFIRMED.