NEBRASKA STATE BANK LIQUIDATION ASSOCIATION, APPELLANT, V. VILLAGE OF BURTON, APPELLEE.

279 N. W. 319

FILED APRIL 26, 1938. No. 30279.

Greenamyre & Nelson and Frederick M. Deutsch, for appellant.

Ross Amspoker, contra.

Heard before GOSS, C. J., ROSE, DAY, CARTER and MESS-MORE, JJ., and LIGHTNER and SPEAR, District Judges.

LIGHTNER, District Judge.

This suit was filed on January 3, 1936, in the district court, and originally sought recovery for balance of a $700 warrant issued by certain officers of the defendant village on August 14, 1926. Payments had been made thereon as follows, to wit: October 26, 1928, $175; November 18, 1931, $175; November 27, 1931, $125. The trial began in the district court on April 26, 1937. Plaintiff by permission of the court filed an amended petition on May 7, 1937, changing its cause of action from a suit on the warrant to a suit for money had and received. Defendant filed its amended answer on May 27, 1937, pleading various defenses, but the only one we deem important is that the suit was barred by the statute of limitations. No reply was filed, but we consider this of no importance since the case was tried on the theory that the allegations of the amended answer were denied. *Stewart v. American Exchange Nat. Bank*, 54 Neb. 461, 74 N. W. 865; *Sanely v. Crapenhoft*, 1 Neb. (Unof.) 8, 95 N. W. 352. Jury was waived. Finding was for defendant, and plaintiff appeals.

It is asserted in plaintiff's brief, and not denied by defendant, that the district court based its judgment entirely upon the finding that the action was barred by the statute of limitations.

Further facts necessary for an understanding of the case are that in the late spring or early summer of 1926 there was a water shortage in the village of Burton. Burton is a village of about 100 population and the total assessed valuation of its property in 1926 was $46,250, upon which a levy of 5 mills had been made for village purposes. The $231.25 so raised was sufficient for all village needs. No estimate of expenses was ever made by the village pursuant to section 5185, Rev. St. 1913, which was then in effect, and no annual appropriation bill was ever passed pursuant to section 5184 of the same statute. The warrant in question was issued to assist in putting in a water plant for the

village, but none of the provisions of section 5119, Rev. St. 1913, were followed. The testimony of the village treasurer, George J. Kirsch, indicates the circumstances under which the warrant in question was issued:

"There was a meeting held at one time prior to the undertaking of the installation of the water, and the matter of finances was discussed. At that time they had an estimated amount that could be raised from a certain number of subscribers, and the amount of money that could be raised through popular subscription. This was considerably short of what the estimated cost of the water plant would be; so I was asked to find out whether or not a warrant could be sold. It was also discussed at the time as to what the new law that had just been passed meant; what bearing it might have on this particular project. Well, I took the matter up to find out where this might be disposed of, and among others I wrote to Jabe Gibson, who at that time was connected with one of the Norfolk banks. He agreed to accept the warrant. After I had the correspondence showing it would be accepted by them, it was then undertaken and the system installed."

No claim was filed for $700, no formal action of any kind by the village board and none of the necessary steps taken to authorize borrowing the $700.

The movement for a water supply had been begun by the citizens and twenty-five $50 shares were subscribed by 23 different subscribers, two having taken $100 each, part of which was paid in cash and part in labor on the proposed system. The system was duly installed and the $700 was borrowed as explained by Mr. Kirsch and the warrant issued. The $700 went into the village treasury and it was all expended by the village in putting in the water system. All parties seem to have acted in the utmost good faith. The system was later taken over and conducted by the village.

It may be conceded we think that, although the warrant itself was void and the contract to borrow the money was void and all the proceedings in regard to establishing the

water system were void, nevertheless the village having taken over the system and received the benefits from the money borrowed became liable in an action for money had and received.

Where a municipal corporation receives money or property of another under and pursuant to a contract upon a subject within its corporate powers, which contract was entered into in good faith and without purpose to violate or evade the law, but for the failure to comply with the requirements of statutes made essential to a valid contract such contract was illegal and void, but the money or property so received is retained and subsequently devoted to legitimate municipal purposes, the municipality is liable therefor, and recovery may be had against it as upon an implied contract. *Lincoln Land Co. v. Village of Grant,* 57 Neb. 70, 77 N. W. 349; *Rogers v. City of Omaha,* 76 Neb. 187, 107 N. W. 214; *Nebraska Bitulithic Co. v. City of Omaha,* 84 Neb. 375, 121 N. W. 443.

The only question in our judgment is with reference to the statute of limitations which under sections 20-206 and 20-211, Comp. St. 1929, is four years. It will be seen from the above statement that the last payment on the warrant was on November 27, 1931, whereas plaintiff's original petition was filed on January 3, 1936, or more than four years after the last payment on the warrant.

A careful examination of the Nebraska cases indicates in our judgment that an action to recover on an implied assumpsit is barred at the expiration of four years after the cause of action accrues and that the cause of action arises, not at the time of repudiation of the void warrant or contract, but when the money was borrowed or the labor or materials furnished. In *O'Neill v. City of South Omaha,* 102 Neb. 836, 170 N. W. 174, it is said in the opinion: "Plaintiff's cause of action accrued when the city accepted the dirt and retained it. It is therefore barred by the four-year statute of limitations." In *Murphy v. City of Omaha,* 1 Neb. (Unof.) 488, 95 N. W. 680, a municipal corporation had levied a special assessment which was afterwards

adjudged to be invalid and the suit was for money paid under the void or invalid assessment. The court held that an action therefor, which was an action for money had and received, must be brought within four years from the receipt of the money. *Markey v. School District,* 58 Neb. 479, 78 N. W. 932, was a suit for school furniture furnished to the district, but the warrant was held invalid because payable in the future. The furniture in question was furnished and the time warrant issued in October, 1886. In that case the district not only did not repudiate the warrant, but seems to have taken action at several times in an attempt to validate it. It was held in that case that an action to recover on an implied assumpsit is barred at the expiration of four years after the cause of action arose. It is said in the opinion: "A recovery cannot be had in this case upon a *quantum meruit,* for the reason that such cause of action, if it ever existed, arose, as disclosed by the petition, not later than October, 1886, and the action was not instituted until February 4, 1895, more than 8 years after the acceptance of the furniture by the defendants." In *Pomerene v. School District,* 56 Neb. 126, 76 N. W. 414, it is said in the opinion: "Nor can we in this case determine whether, the work having been performed and accepted by the district, an implied assumpsit arose to pay therefor. If such an obligation existed the cause of action arose on completion of the work, or at latest on its acceptance, which is shown by the petition to be September 2, 1889. This suit was brought June 7, 1895. The statute of limitations is a defense presented by the demurrer, and affords an effective bar to the implied assumpsit."

Appellant claims that the statute of limitations does not begin to run against a suit by the holder of a void warrant, even on the implied obligation, until the warrant is repudiated by the city, of which the holder has knowledge, citing in support of such rule, note, 94 A. L. R. 608; *Geer v. School District,* 111 Fed. 682; *Incorporated Town of Gilman v. Fernald,* 141 Fed. 941; *Board of Commissioners v. Irvine,* 126 Fed. 689.

We have carefully examined these cases and, while some of them state the rule in the above words, we find that the rule actually applied is not so broad. What these cases hold is that, if the municipality does some affirmative act within the period of limitation in recognition of the bond or warrant, it prevents the statute of limitations from running even against the implied obligation. The holding is that it would be inequitable to permit the municipality to recognize the obligation and thus lull the holder into a sense of security and afterwards successfully plead the bar of the statute.

In *Geer v. School District*, 111 Fed. 682, the void bonds were executed July 1, 1892; interest was paid January 1 and July 1, 1893. Interest was not paid on the coupons maturing in 1894, 1895, 1896, and 1897, but a special tax was duly assessed and levied for the purpose of paying the interest for 1894, 1895, and 1896. This remained a lien on the taxable property of the district until after a suit was begun on the coupons in November, 1897. During these years the district repeatedly promised to pay the coupons, but failed to do so, and suit was begun in November, 1897, but the court in that suit, which was a suit on the obligation, held that the bonds were void. The *Geer* case, *supra*, was assumpsit for the amount paid for the void bonds. It was instituted on April 16, 1900, which was more than six years after the bonds were purchased, but less than six years after the assessment, levy and promises above referred to. Six years was the period of limitations applicable. The court held that the district had recognized by such acts the bonds as valid obligations and had given no intimation of an intention to repudiate them until its answer was filed. The following quoted from the opinion gives the gist of the court's reasoning:

"As long as the district so recognized the same, and elected to treat them as legal obligations, we know of no reason requiring the plaintiff to take any steps to rescind the contract, or obligating him to resort to the courts to enforce the implied obligation. It would be a harsh and

thoroughly impractical rule to establish that the holder of a claim against a municipality is bound by any consideration of statutes of limitations to take steps to rescind an express contract to pay the same, as long as the municipality itself recognizes such express contract as a valid and binding obligation. The effect of such a rule would be to permit the municipality to lull the holders of its obligations into inaction, and thereby, taking advantage of its own wrong, deprive them of a valuable right."

In *Coffin v. Board of Commissioners,* 114 Fed. 518, the court followed the *Geer* case. In the *Coffin* case the county passed a resolution within the statutory period ordering the void warrants to be exchanged for bonds. The court said:

"The statute of limitations does not begin to run against such (suit for money paid for void bonds) until denial by the county of its obligation on such bonds; and the action of the county commissioners * * * in adopting a resolution recognizing the obligation of the county on the warrants, and directing the funding of the debt into bonds, is tantamount to a new acknowledgment, and stopped the running of the statute of limitations."

In *Incorporated Town of Gilman v. Fernald,* 141 Fed. 941, the city paid interest on the void obligations within the statutory period. The opinion explains the matter as follows, the two opinions referred to being the opinions in the *Geer* and *Irvine* cases:

"This court in two opinions has passed upon what we conceive to be the very question now involved, and has held in substance that when a municipality issues void bonds as evidence of an indebtedness which it had power to incur, for work or property of which it received the benefit, and subsequently paid the holder of the bonds interest as it matured according to the tenor of the bonds, the statute of limitations does not begin to run against an action brought to recover the money as long as the municipality recognizes its express obligation to pay the bonds and pays the holder interest thereon according to the requirement of the bonds themselves."

Here the Village of Burton did nothing within the statutory period after the last payment was made that would justify a finding that it had waived the statute. Furthermore, it would seem that the failure to make any further payment upon the warrant after November 27, 1931, amounted to a repudiation of the warrant. In our judgment the facts in this case do not bring plaintiff within the rule or reasoning of the *Geer* and other cases just discussed.

Appellant further contends that the statute of limitations was not properly pleaded and cites *Pinkham v. Pinkham,* 60 Neb. 600, 83 N. W. 837, *Id.* 61 Neb. 336, 85 N. W. 285, and *Dufrene v. Anderson,* 67 Neb. 136, 93 N. W. 139. The pleading is not open to the objection stated, since it alleges that no payments were made after November 27, 1931; that the suit on the warrant was filed on January 3, 1936, and the amended petition for money had and received was filed May 7, 1937; that any cause of action in plaintiff accrued more than four years prior to the commencement of plaintiff's action, and that any cause of action which may have at any time existed in favor of the plaintiff and against the defendant was barred by the statute of limitations when plaintiff's action was commenced. Pleading the facts with reference to the statute of limitations with greater particularity is not necessary nor in fact desirable.

A number of other contentions are made by appellant, all of which we have considered, but it would unduly extend this opinion to mention them all.

The judgment of the district court is

AFFIRMED.