JOHN B. HAGEMAN V. ESTATE OF ENOS S. POWELL.

FILED MAY 3, 1906. · No. 14,280.

**Witnesses: Competency.** One who has a direct legal interest as one of several joint heirs or colegatees in an action against a representative of a deceased person is not rendered by the statute incompetent to testify as to transactions and conversations between the deceased and an adverse party in whose alleged right, claim or demand the witness has no interest.

ERROR to the district court for Gage county: ALBERT H. BABCOCK, JUDGE. *Reversed.*

*R. W. Sabin,* for plaintiff in error.

*Sackett & Spafford, contra.*

AMES, C..

Enos S. Powell died leaving several heirs at law, who are also joint residuary legatees under his will, and among whom was Mrs. Hageman, wife of the plaintiff, who is plaintiff in error herein. For several years immediately preceding his death he had been a member of the household of the plaintiff, who filed in the county court a claim for the reasonable value of his board and lodging. From an order of the county court thereon there was an appeal to the district court, where a petition, alleging the claim, was put in issue by answer and the cause prosecuted to trial. Upon the trial the plaintiff made offers of proof, by his wife as a witness, both of which were objected to and both of which the court excluded: First, that she overheard a conversation between the deceased and her husband with reference to the former making his home with the latter and paying therefor; and, second, that shortly before the death of her father she had a conversation with him in which he admitted having promised to pay her husband for the services, to recover for which the claim is prosecuted. There was a judgment for the defense, from which the plaintiff prosecutes error.

The only questions involved are as to the propriety of the rulings of the court upon the foregoing offers of testimony. Section 329 of the code enacts that "no person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness." Mrs. Hageman has a direct legal interest in the result of the suit, because, if her husband succeeds, a satisfaction of his claim will diminish her distributive share of her father's estate. But is she a party, or interested, adverse to the legal representative of the deceased in such sense that her testimony is excluded by the statute? A somewhat similar question was before this court and answered in the negative in *Parker v. Wells*, 68 Neb. 647. The decision in that case professedly followed and was founded upon the opinion in *Wylie v. Charlton*, 43 Neb. 840, from which a lone excerpt was quoted. After an extended discussion the latter mentioned opinion concludes, upon that branch of the case, with the following as a summing up of the results of reasons and authorities upon the subject:

"Having in view the common law as to competency, and the mischief which this statute sought to prevent, it should be construed as if it read that no person having a direct legal interest in the result of an action shall be permitted to testify, when the party interested adversely to the witness' interest is the representative of a deceased person."

It is clear that the statute so read would not exclude the testimony offered on the trial of this case. But intermediate between the two cases cited is the opinion of this court by former Chief Justice NORVAL in *Kroh v. Heins*, 48 Neb. 691, which is claimed to be inconsistent with them. But the writer thereof cannot be supposed to have been forgetful of *Wylie v. Charlton, supra,* which he cites with approval, and without an attempt to distinguish or discriminate between it and the decision which

he himself was announcing. So that it does not appear that he regarded the two opinions as being in mutual conflict, nor were they necessarily so. In *Kroh v. Heins,* Mrs. Heins, who was one of several plaintiffs in the lower court and whose testimony it was held should have been excluded, was, or alleged herself to be, the sole trustee and owner of the legal title of the choses in action which were the subject of the suit and concerning the ownership of which she testified respecting transactions and conversations had between herself and the deceased, of whom she and the other plaintiffs were joint heirs, which testimony tended to support her own legal title as trustee and the beneficial ownership of the defendants who were her own children. The court held that, although she might waive her incompetency so far as it affected herself alone, she could not waive it on behalf of her coplaintiffs, and that, though she had legal interests on both sides of the controversy, the court would not weigh them for the purpose of attempting to ascertain the preponderancy, citing to this point *Wylie v. Charlton, supra.* We conclude from the foregoing considerations that the construction of the statute announced in *Wylie v. Charlton, supra,* ought now to be regarded as the settled law in this state, and since Mrs. Hageman has no interest in this controversy adverse to that of her coheirs and legatees of the estate of her deceased father, she is not incompetent to give the testimony offered on the trial.

For these reasons, we recommend that the judgment of the district court be reversed and a new trial granted.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.

REVERSED.