DRAVO-DOYLE COMPANY, APPELLEE, v. METROPOLITAN WATER DISTRICT, APPELLANT.

FILED FEBRUARY 16, 1918. No. 19796.

Appeal: TRIAL TO COURT: FINDINGS. When a jury is waived, and a cause tried to the court, its finding of fact will not be disturbed if there is sufficient competent evidence in the record to sustain the finding.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. Affirmed.

John L. Webster, for appellant.

Mahoney & Kennedy and Thomas Lynch, contra.

MORRISSEY, C. J.

This is a law action, on contract, tried to the court without a jury. Plaintiff sued to recover $2,961.30 claimed to be due by way of bonus for superior efficiency of a pumping apparatus installed for the defendant. For answer defendant alleged that, as one of the considerations for entering into the contract, plaintiff had waived its right to a bonus. It also asserted that, in event any sum was due under the bonus clause of the contract, the amount was only $1,666.07, and, by way of counterclaim, pleaded a provision of the contract which provided that, in case of delay in installing the apparatus

beyond the contract period, defendant should recover, as stipulated damages, the sum of $50 for each day's delay, and alleged that under this provision it was entitled to recover $6,000 from the plaintiff. The court made a general finding that there was due the plaintiff $1,666.07, together with interest. Defendant appeals, and plaintiff has filed a cross-appeal.

Appellant's brief treats the judgment as if the court had found that plaintiff was entitled to recover on its cause of action the sum demanded, less one trifling item, and allowed the plaintiff's claim for stipulated damages of $50 a day for 25 days, but the record itself is silent as to the specific items which the court took into account in its finding.

The contract is long and complicated, and each party finds much therein to support the claim it makes. It is conceded that the provision for a bonus was a legitimate one; the greater the efficiency the greater the amount of the bonus, but the district would be compensated by the decreased cost of operation. Appellant claims that plaintiff, through its proper representative, had waived its right to insist upon this provision of the written contract, and its first assignment of error is that the court erred in failing to hold that this provision was waived. The question was submitted on conflicting evidence, and the finding of the court in favo of plaintiff is amply sustained, and will not be disturbed.

The contract provided for certain tests of the apparatus. In making the tests "the contractor may be represented by his own expert,  *  *  *  and it shall be understood and agreed that a third expert, who shall be appointed by the district and approved by the contractor, shall conduct that particular test which shall determine the economical duty performed by the pumping unit." The tests were made by experts thus selected, and the expert selected by defendant found the amount to which plaintiff would be entitled as a bonus, if the bonus had not been waived, to

be $1,666.07. Defendant claims this calculation is conclusive of the question. The court admitted testimony based on the data compiled by the district's expert, which testimony shows the amount to be greater than the amount fixed by the expert representing the district. Defendant says the expert selected by the district was the arbiter and his finding conclusive. It may be noted that the contract says that this expert is "to conduct" the test. It further provides that the test shall determine the economical duty performed by the pumping unit. It cannot be said from a fair reading of the contract that it was intended to make the expert the final arbiter. He was merely to supervise the work, and, by the work performed, the pumping unit should be judged. In view of the judgment, we are unable to say what effect the court gave to this evidence. He may have disregarded it altogether; and, even if it were incompetent, we cannot say that it was prejudicial.

There is still the question of defendant's right to recover the stipulated damages. Inferentially defendant's brief says that the court found in favor of the defendant on this counterclaim in the sum of $1,250. Brief of plaintiff and cross-appellant is to the same effect, but the record is silent. There is a conflict in the evidence on the question of the number of days' delay properly chargeable to plaintiff, if any. On this question of fact the finding of the court has the same effect as the verdict of a jury. The cross-appellant claims that the amount stipulated for delay in completion of the instalment is a penalty, and not liquidated damages; that defendant proved no damages and cannot recover. This point is disputed by defendant, but it is not necessary to discuss or to decide the question.

Plaintiff has taken a cross-appeal, but does not ask a reversal. It seeks to have us add $1,250 to the judgment; the basis of this request being that the trial court erroneously allowed this amount to defendant on its counterclaim. The court made no special findings. The finding is a general one, and, curiously enough it is for the exact amount defendant admits is due under plaintiff's cause

of action, if any sum whatever is due. The court may have found defendant liable for this amount on the bonus clause of the contract, and disallowed all other claims of both parties, or he may have found a greater amount due plaintiff on the bonus clause of the contract, and deducted therefrom the amount which he thought was due defendant on the counterclaim. We are not free to conjecture as to these items. It is clear that plaintiff is entitled to recover at least the amount awarded on its cause of action pleaded. As to other matters, there is such conflict in the evidence that a finding for either party would not be unsupported.

If either party desired special findings, it ought to have asked for them. The evidence fully sustained the judgment entered; and as plaintiff and cross-appellant does not seek a reversal, but prays only for relief we cannot give, the judgment is

AFFIRMED.

SEDGWICK, J., not sitting.