Lizzie Wickersham, appellee, v. George F. Phillips et al., appellants.

Omaha Tribe of Indians, appellee, v. George F. Phillips et al., appellants.

Laura Lyons, appellee, v. George F. Phillips et al., appellants.

Filed March 13, 1920. No. 20879.

Appeal: Trial to Court: Findings. "When a jury is waived, and a cause tried to the court, its finding of fact will not be disturbed if there is sufficient competent evidence in the record to sustain the finding." *Dravo-Doyle Co. v. Metropolitan Water District*, 102 Neb. 184.

Appeal from the district court for Thurston county: Willis G. Sears, Judge. *Affirmed.*

*Carter, Brackney & Carter, John R. Carter* and *H. W. Brackney,* for appellants.

*T. S. Allen* and *Frank A. Peterson, contra.*

Dean, J.:

Plaintiffs sued in Thurston county on judgments obtained November 8, 1906, against defendants in the district court for Monona county, Iowa. The suits were consolidated in the district court and will be treated as one case here. Plaintiffs prevailed, and defendants appealed.

On June 3, 1904, the parties hereto entered into a written stipulation which provided that the case then pending in Monona county, Iowa, should "stand continued from term to term to await a decision of the circuit court of the United States," then pending at Omaha, wherein the United States was complainant. The parties defendant in that case were the same as in the Iowa case.

Defendants argue in their brief that, on the same date and within a few hours after the written stipulation was

signed, the attorneys for the respective parties in the
Monona county case there entered into a verbal stipula-
tion to the effect that, as the Iowa case and the federal
case at Omaha "were identically the same, the verdict
in the Omaha case was to settle all questions" in dispute
between the parties, and the Iowa case should therefore
be dismissed as soon as a judgment was rendered in the
federal case. Plaintiffs admit the validity of the written
stipulation, but deny that the verbal stipulation was ever
made.

The evidence does not seem to support defendants'
argument, and we think that, owing to the lapse of time
that has intervened and the infirmity of memory for de-
tails, they must be mistaken about the terms for which
they now contend. The verbal stipulation seems to us
to be inconsistent with the terms of the written stipula-
tion. It appears, too, that the parties plaintiff, in the
case wherein the judgments sued on were obtained, were
not the same as the parties plaintiff in the federal court
at Omaha, nor was the relief granted in the respective
courts the same. The judgment in the federal court was
rendered November 17, 1904. It is now argued by de-
fendants that the Iowa judgments were obtained by
fraud in that, the pleadings having been settled and the
issues joined, the judgments were obtained about two
years after the date of the written stipulation, and in the
absence of defendants. They now argue that the judg-
ments, having been so obtained, are open to attack on
the ground of fraud.

We deem it sufficient to say that, a jury being waived,
the questions at issue were all fairly presented to the
court, and, while the evidence conflicts, it seems fairly to
support the findings and judgment. The court found
specifically "that there was no fraud in the obtaining of
the judgments of the district court of Iowa, for Monona
county, sued on herein, and that the same are valid as
against the defendants." When a jury is waived, a con-
tested finding of fact will be sustained if there is suf-

ficient competent evidence to support it. *Dravo-Doyle Co. v. Metropolitan Water District,* 102 Neb. 184. The judgment is

AFFIRMED.

LETTON and DAY, JJ., not sitting.