CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

JANUARY TERM, 1924.

---

STATE OF NEW MEXICO, APPELLANT, V. FIRST NATIONAL
BANK OF WAUSA: GERMAN BOND & DEVELOPMENT
COMPANY, INTERVENER, APPELLEE.

FILED JANUARY 15, 1924. No. 22607.

1. **Appeal: AFFIRMANCE.** Where in a law action a jury is waived
   and trial is had to the court, and an examination of the
   entire record discloses no prejudicial error, the judgment will
   be affirmed.

2. **Held,** that the record is free from error.

APPEAL from the district court for Knox County:
ANSON A. WELCH, JUDGE. *Affirmed.*

*W. J Connell* and *Harry S. Bowman,* for appellant.

*P. H. Peterson* and *W. A. Meserve, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN and GOOD,
JJ., SHEPHERD, District Judge.

MORRISSEY, C. J.

The state of New Mexico, as successor to the territory
of New Mexico, filed its petition in the district court for
Knox county praying judgment against the First National
Bank of Wausa, as the successor to the Farmers State
Bank of Wausa, on a check reading as follows:

"Wausa,ᐧNeb., December 29, 1909.
"Pay to Carey Act Land Board of New Mexico, or
order, $2500.00 Twenty-five hundred and no/100 dollars.
"To the Farmers State Bank, Wausa, Neb.
"German Bond & Development Co.
"by P. H. Peterson, Treasurer."

This check was certified, December 29, 1909, by T. A. Anthony, cashier of the Farmers State Bank. The check was duly indorsed by the Carey Act Land Board, the payee, a board which may be said to have been representing the plaintiff state, and presented for payment to the certifying bank, July 31, 1915. Payment was refused and the usual protest proceedings were then had. The check was delivered to the Carey Act Land Board of New Mexico soon after its date in connection with an application made for the segregation of certain lands within the territory of New Mexico in accordance with an act of congress, commonly called the "Carey act," and the provisions of the laws of New Mexico accepting the provisions of the federal act. These acts contemplated the development of irrigation projects and the reclamation of arid lands. The rules adopted by the Carey Act Land Board required the organization of a corporation under the laws of New Mexico, and required parties applying to enter into a contract and bond with the territory to construct an irrigation project according to plans to be approved by the territorial engineer, and also required applicants to agree to indemnify the territory for any expenses that it might incur in procuring maps and plats from the United States government. Plaintiff alleges that after the application for the segregation of lands, which was made by three individuals said to be acting for the owners of the check in suit, was filed, the territory expended for such plats and maps the sum of $1,100, and that no part of that sum has been paid by the applicants. The final allegation is that the parties, signing the application, with which was deposited the check, duly organized the corporation as required by the terms of the application, but never thereafter proceeded with the development work or entered into any contract or bond with the territory to construct the irrigation project mentioned in their application.

Defendant's answer admitted the execution of the check; that it is the successor to the Farmers State Bank; that

certain parties representing the drawer of the check made application to the territory of New Mexico for the segregation of lands under the acts mentioned in plaintiff's petition, and that, in order to comply with the rules and regulations of the Carey Act Land Board of New Mexico, the drawer of the check caused it to be made payable to the Carey Act Land Board, caused it to be certified, and then delivered it to the parties who were about to make application for segregation; that these parties delivered the check together with their application to the Carey Act Land Board; that the clause in the application reading, "and also further to insure the expense the territory may be to in getting the maps and plats from the United States government, and agrees to pay the territory in cash such last amount, whenever the same can be ascertained," was written into the application without the knowledge, consent or authority of the drawer, and that the drawer had never authorized the applicants, or any of them, to charge the check in suit or its proceeds with the performance of such a promise; that the Carey Act Land Board had no authority under the laws of the United States or under the laws of the territory of New Mexico or its rules and regulations to require of any applicant such an agreement. The answer denies that the application was ever accepted by the Carey Act Land Board, or that the parties making the application and depositing the check, or the drawer of the check or any of them, were ever called upon to comply with the application; that the land applied for was never segregated, and that the board never acted upon the application. It is denied that the territory of New Mexico or its board was able to comply with the application or to do and perform the things imposed by the act of congress and the laws of New Mexico, or to accept and carry out the terms of the application, but, on the contrary, did on July 18, 1911, dismiss and reject the application, and at once became obligated to return to the applicants, or to the true owners, the check in suit; that, August 13, 1911, the board

finally disclaimed any interest in the check, or the funds evidenced thereby; that the drawer of the check notified plaintiff of the terms and conditions under which the check had been deposited, and notified defendant that the Carey Act Land Board, acting for plaintiff, had dismissed the application, and demanded payment from the defendant.

The drawer of the check, by leave of court, intervened, set out substantially the same matters contained in the answer of defendant, and asserts ownership in itself of the check in suit, and the sum represented thereby. It is asserted that, under an agreement between the intervener and the parties making the application to the Carey Act Land Board for the segregation of lands, it was agreed that the check should be returned to the intervener on the failure of the board to act favorably on the application; that the clause contained in the application requiring the applicant to make good to the territory the cost of procuring maps and plats was inserted in the application without the knowledge, consent or authority of intervener, and that no person had authority to charge the check or the fund represented thereby with the performance of such promise; that the promise is void because the Carey Act Land Board had no authority at law to exact such agreement or promise. The petition of intervention substantially reiterated each and every allegation contained in the answer of defendant, and there was a prayer for judgment in its favor for the amount of the check.

The reply, so far as material here, denied the allegations of the answer to the effect that the parties making the application were not authorized to charge the check or its proceeds with the cost of procuring maps and plats, and denied that the board was without authority of law to exact such a promise or agreement. And the answer to the cross-petition puts in issue the same questions raised by the pleadings filed by the original parties.

The cause was tried to the court without a jury, and

from a judgment dismissing plaintiff's cause of action, plaintiff has appealed.

The provisions of our statute relating to bills of exchange and the effect of the certification of a check are urged upon our consideration. We do not deem it essential, however, to a determination of this case to enter upon a discussion of these statutory provisions. If the Carey Act Land Board was without authority to exact a promise or agreement in connection with an application to segregate the land, or if, having received the application and the check, plaintiff, through its proper officers, failed or refused to act upon the application, but, on the contrary, refused to go forward, and disclaimed interest in the check, or fund which it represented, the trial court was surely warranted in entering a dismissal of plaintiff's cause of action. We are not pointed to any provision of the law, either federal or state, empowering the Carey Act Land Board to make the requirement relied upon to charge the check with the amount said to be expended in procuring maps and plats. Neither are we pointed to any evidence showing that plaintiff accepted the application. In short, after a thorough examination of the record, we find ample support for the judgment of the district court, and the judgment is

AFFIRMED.