MARGARET DUNCAN ET AL., APPELLEES, V. FRANK ROSS ET AL., APPELLANTS.

FILED DECEMBER 16, 1931. No. 27974.

D. O. Dwyer and W. L. Dwyer, for appellants.

Patrick & Smith, contra.

Heard before GOSS, C. J., DEAN, EBERLY and PAINE, JJ., and REDICK, District Judge.

PER CURIAM.

James Alloway brought this action for the possession of a farm and for rents and profits for the time defendants kept him out of possession. Later the present plaintiffs purchased Alloway's interest and were duly substituted for him. Defendants filed an answer and cross-petition, alleging that, when the action was commenced, they were in possession of the land as owners of certain rights therein to which the rights of plaintiffs were subject, and that there was no consideration for the deed which purported to convey the lands to plaintiffs. By a cross-petition the defendants alleged that the land was purchased at judicial sale by Alloway and defendants for $8,500, subject to a mortgage of $4,500, so that $4,000 in cash was paid, of which Mirth Ross (who is the only daughter of Alloway) paid $3,136 and Alloway $864; that the title was taken in Alloway's name, who held the title in trust for defendants as to 98/125 thereof and for himself as to the other 27/125 thereof; that defendants entered into possession as owners and, under a certain agreement with Alloway, occupied the land and made valuable improvements under the expectation that he would perform all the conditions. The agreement pleaded is that, if the defendants would refrain from moving to Minnesota, as they contemplated, he would join them in the purchase of this land, which they would occupy as their home, and that, at his death, it should belong to said Mirth Ross. They pleaded in detail their performance of the condi-

tions. In reply, plaintiffs denied generally, and pleaded that the defendants went into possession of the land as tenants and continued as such, paying a share of the crops as rent until March 1, 1928, since which time, by reason of nonpayment of rent, they have unlawfully held possession.

A jury was waived and a trial had to the court. The court found that the entire purchase price of the land was paid by Alloway and that the defendants paid or contributed no part thereof; that defendants went into possession merely as tenants of Alloway, under an oral agreement to pay as rent one-half of the annual grain crops; that they paid such agreed rental for 1926 and for a part of 1927, but since that have paid no rent at all; that they are estopped to question the title of plaintiffs, as grantees of Alloway, and are not entitled to recover for repairs or improvements voluntarily made as tenants. Their cross-petition was dismissed. Plaintiffs were adjudged entitled to possession of the land.

Examination of the evidence shows there was sufficient competent evidence to sustain the findings of the district court. "When a jury is waived, and a cause tried to the court, its finding of fact will not be disturbed if there is sufficient competent evidence to sustain the finding." Dravo-Doyle Co. v. Metropolitan Water District, 102 Neb. 184. It is unnecessary to cite the many other cases to the same effect.

The judgment of the district court is

AFFIRMED.