JESS VOHLAND, APPELLEE, v. JOHN BARRON, APPELLANT.

FILED FEBRUARY 8, 1934. No. 28812.

*A. J. Luebs,* for appellant.

*George A. Munro, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and BEGLEY, District Judge.

GOSS, C. J.

Plaintiff alleged that in the fall of 1931, at the special instance and request of defendant, he plowed 30 acres on defendant's farm; that the reasonable value of the work

was $1.50 an acre; that defendant was unresponsive to demand for payment, and plaintiff prays judgment for $45.

Defendant generally denies the petition and counterclaims, setting up a written lease of the quarter section to plaintiff for one year from March 1, 1931, at a cash rental of $50 for the buildings and pasture and two-fifths of all grain crops to be delivered at Gibbon; that plaintiff neglected to husk the corn within a reasonable time after it matured, that 60 bushels thereof was not picked by plaintiff, and defendant husked it at a cost of $1.80; that defendant's rent share of 440 bushels was negligently husked and delivered at the market too late, and damaged plaintiff 15 cents a bushel because of a decline in the market value, this damage totaling $65; that plaintiff violated his written lease, in which he agreed to protect all buildings and improvements, by removing siding from the house, by cutting holes in the plaster, by tearing down shelving and breaking windows, thus damaging defendant in the sum of $25; that plaintiff failed to haul out and spread the manure accumulated in the barns, as required by the written lease; that defendant had to do this and was thus damaged in the sum of $5. Defendant prayed judgment against plaintiff for $96.80.

Plaintiff's reply was a general denial.

On the trial both parties waived a jury and the case was tried to the court. The court found $39 due plaintiff on his cause of action, allowed defendant $1.80 for picking corn and $4 for cleaning manure from the barn; and entered judgment for plaintiff for $33.20. Defendant appealed.

Appellant says the court erred in rendering judgment immediately after the parties rested, without giving defendant an opportunity to address the court and submit arguments. The brief does not point out the evidence of such procedure on the part of the court nor do we dis-

cover it in the record. The assignment does not appear to be meritorious.

Appellant assigns error of the court in "entering upon the docket an order overruling a motion for a new trial before such motion was made by the defendant." The record shows that the motion was filed on January 10, 1933, and that "afterwards on the 10th day of January, 1933," the journal entry overruling the motion for new trial was entered on the journal. Appellant did not bring up any "docket" entry. The journal entry as shown by the transcript defeats this assignment.

All other assignments of error may be summarized as presenting one question, namely, that the evidence was insufficient to support the judgment. There was evidence to support the findings of the trial court. It has long been the rule that, when a jury is waived and a law action is tried to the court, findings of fact have the same effect as findings by the jury. They will not be set aside unless clearly wrong.

We find no error. The judgment is

AFFIRMED.