WALTER NELSON, ADMINISTRATOR, APPELLANT, V. LILLIE NELSON, APPELLEE.

275 N. W. 829

FILED OCTOBER 29, 1937. No. 30083.

*Fred A. Nye,* for appellant.

*Minor & Minor, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

MESSMORE, J.

This is an appeal from the district court for Buffalo county in a cause tried to the court without the intervention of a jury, wherein said court found for the defendant below.

The action is upon á promissory note, in the amount of $2,780, dated November 1, 1924, due one year thereafter, signed by John E. Nelson and Lillian Nelson, designated in this case as Lillie Nelson. The petition alleges that in February, 1933, the sum of $25 was paid on the note, and on January 25, 1935, a further payment was made thereon. Plaintiff prays judgment for $4,276.47, with interest and costs of suit. Plaintiff asks for no personal judgment against the defendant, but desires to subject the son's interest in his father's estate to the payment of the note. For the purposes of this opinion, the defense pleaded is payment and a general denial of the allegations of plaintiff's petition.

The evidence discloses that the note was found among the effects of Christine Nelson after her death and inven-

toried as an asset of her estate, was signed by John E. Nelson and his wife, Lillie Nelson, on November 1, 1924, and that it was due in one year from said date. The note was made payable to Christine Nelson, mother of John E. Nelson, one of the makers of the note. Shortly after the note was signed, John E. Nelson and his wife, defendant herein, conducted a restaurant in Big Springs, Nebraska. Their daughter, now Mildred Watson, who helped her father and mother in conducting the business, testified that two payments were made on the note in suit, each in the sum of $500, which she sent by check to her grandmother, Christine Nelson. The checks are not in evidence, the witness stating that they had been destroyed. Later the restaurant was sold at a profit for the sum of $3,000, part of which ($2,000) was paid in cash, and $1,000 taken in a note, and paid to Lillie Nelson as administratrix of John E. Nelson's estate. John E. Nelson was an heir of his father, John Nelson, who died in 1908, and his interest in his father's estate at that time was an undivided one-fifth of the fee title in 240 acres of land in Buffalo county, subject to the life estate of his mother, Christine Nelson, payee of the note in suit. John E. Nelson died on the 1st of February, 1927, leaving as his heirs his wife, Lillie, and his daughter, Mildred Watson. Christine Nelson died November 10, 1932.

Mildred Watson further testified that at the time the restaurant was sold she had a conversation with her father to the effect that everything had been settled between him and her grandmother. She also related a conversation had between her mother, defendant herein, and her grandmother, to the effect that, in the event anything should be owing to the grandmother on the note, she should file a claim against her son's estate; that is, the estate of John E. Nelson. There was no claim filed against the John E. Nelson estate. A brother of the defendant testified that, in a conversation had with Christine Nelson, she told him, in substance, that she had settled with her son, John E., and that they were doing well in business in Big Springs.

On cross-examination, the defendant testified that her husband had settled with his mother. Objections were interposed to this testimony offered by defendant on direct examination, as being in violation of section 20-1202, Comp. St. 1929.

The evidence offered by the plaintiff, both in main and in rebuttal, consisted of the offer of the note, which was received in evidence, and exhibit No. 2, which is a written order, directing the administrator of Christine Nelson's estate to pay any amount that might be owing Lillie Nelson for her interest in the John E. Nelson or the Christine Nelson estates, and apply the same on the note in question. The note bears this indorsement: "Feb. 1933, $25, paid on this note by Lillie Nelson order;" and the further indorsement: "January 25, 1935, $5 Paid by Distribution in Est." It developed that the attorney for plaintiff had inclosed this order in a letter sent to California for this defendant to sign. She denies having signed the exact order, and there is a dispute in this evidence. The administrator of the estate of Christine Nelson testified that at the time the first indorsement was made on the note, showing payment of $25, he had no money of Lillie Nelson in his possession, but made such indorsement in anticipation that he might, at a later date, have money belonging to her. There is testimony of two disinterested witnesses to the effect that, in conversations had with Christine Nelson, she had stated that John E. Nelson had received his share and owed her "lots of money," and that it should come out of his share and be counted against him. On the foregoing evidence, the cause was submitted to the court.

The contentions of the plaintiff are that the decision of the trial court is not sustained by sufficient competent evidence as to payment of the note sued on and is contrary to law; that the court erred in admitting, over objection of the plaintiff, the evidence of Mildred Watson, witness for defendant, in regard to alleged payments upon the note, for the reason that she was interested in the result of the suit, plaintiff being the administrator, and that the evi-

dence offered by Mildred Watson was in violation of section 20-1202, Comp. St. 1929.

We believe that the trial court, who had an opportunity of hearing the witnesses and observing their general demeanor while testifying, was the best judge of the credibility of the testimony of each and every witness before the court. The court tried this cause without the intervention of a jury and, therefore, performed the same functions and duties of a jury as the trier of fact. This court has so held repeatedly in similar situations.

In *Dravo-Doyle Co. v. Metropolitan Water District,* 102 Neb. 184, 166 N. W. 558, it was held that where a jury is waived the court's finding of fact will not be disturbed if sustained by sufficient competent evidence. This holding was reaffirmed in *Duncan v. Ross,* 122 Neb. 877, 239 N. W. 645.

It is a rule that, in the trial of a law action to the court without a jury, findings of fact, based on conflicting evidence, will not be disturbed on appeal unless clearly wrong. *Vohland v. Barron,* 126 Neb. 50, 252 N. W. 470; *Elmcreek Ditch Co. v. St. John,* 127 Neb. 253, 255 N. W. 16.

In *Citizens Ins. Co. v. Herpolsheimer,* 77 Neb. 232, 109 N. W. 160, this court held: "In a case tried to the court, the presumption obtains that the court, in arriving at a decision, will consider such evidence only as is competent and relevant, and this court will not reverse a case so tried because other evidence was admitted." Reaffirmed in *Miller v. Banner County,* 127 Neb. 690, 256 N. W. 639.

Objection is made to the admission of testimony of Mildred Watson as being in violation of section 20-1202, Comp. St. 1929. Said section reads as follows: "No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness, unless the evidence of the deceased person shall have been taken and read in evidence by the adverse party in regard to such transaction or con-

versation or unless such representative shall have introduced a witness who shall have testified in regard to such transaction or conversation, in which case the person having such direct legal interest may be examined in regard to the facts testified to by such deceased person or such witness, but shall not be permitted to further testify in regard to such transaction or conversation."

Mildred Watson was an heir of her father, John E. Nelson. He was entitled to an undivided interest in the estate of his father, subject to the life estate of his mother, Christine Nelson. Mildred Watson and her mother, defendant herein, were each entitled to one-half of one-fifth interest of John E. Nelson in his father's estate. Mildred Watson was also an heir of her grandmother, Christine Nelson, and was interested, according to plaintiff's contention, directly and adversely to the administrator of the Christine Nelson estate, plaintiff in this action.

The witness Mildred Watson is not a party to this litigation, has no interest in the alleged claim of the administrator, plaintiff, or in the defense of her mother, defendant; nor has she a direct legal interest in the property of her mother, as far as it may or may not be affected in this action. The administrator has no interests adverse to this witness. In no event, under her testimony in this case, can this witness profit, which constitutes the main and essential test as to competency of the witness, under section 20-1202, Comp. St. 1929. See *Hageman v. Estate of Powell,* 76 Neb. 514, 107 N. W. 749; *Oft v. Ohrt,* 128 Neb. 848, 260 N. W. 571; *Lyon v. Ricker,* 141 N. Y. 225, 36 N. E. 189.

The judgment of the district court is

AFFIRMED.