BANK OF ROCA, APPELLANT, V. E. F. MEYER, APPELLEE.
280 N. W. 449
FILED JUNE 24, 1938. No. 30353.

*G. H. Risser*, for appellant.

*C. A. Sorensen, contra.*

Heard before ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ., and BLACKLEDGE, District Judge.

BLACKLEDGE, District Judge.

The suit is on a promissory note executed to plaintiff bank and signed by Elmer Meyer, L. R. Meyer and E. F. Meyer. In the petition all the signers of the note are named as defendants. The action originated in the municipal court, wherein judgment went against Elmer Meyer, and in favor of E. F. Meyer. L. R. Meyer does not appear to have been summoned or appeared in the case. Appeal was taken from the judgment discharging E. F. Meyer to the district court for Lancaster county, wherein the issues tried were solely between plaintiff bank and defendant E. F. Meyer, who answered that he signed the note without consideration, at the request and for the benefit of plaintiff only, as an accommodation maker. Jury was waived and trial had in the district court without jury. The sole issue tried was whether E. F. Meyer, appellee herein, was, or was not, an accommodation maker of the note, which had been given to take the place of an earlier note of like amount signed by defendant Elmer Meyer only. The district court resolved the facts in favor of the defendant E. F. Meyer and rendered judgment discharging him.

The judgment of the district court is now here for review, and the errors assigned are that said judgment is contrary to, and not sustained by, the evidence, and that there were errors of the trial court in receiving certain testimony to which objection was made.

Entering upon consideration of the case, we meet two definite and long-established rules of this jurisdiction. They are succinctly stated, with citations of precedents, in paragraphs 1 and 2 of the syllabus in *Nelson v. Nelson*, 133 Neb. 458, 275 N. W. 829, as follows:

"In a case tried to the court, the presumption obtains

that the court, in arriving at a decision, will consider such evidence only as is competent and relevant, and this court will not reverse a case so tried because other evidence was admitted.

"When a jury is waived and a law action is tried to the court, findings of fact have the same effect as findings of a jury. They will not be set aside unless clearly wrong."

Examination of this record discloses ample competent evidence, if believed, to support the findings and decision of the trial court. We cannot say that they were clearly wrong.

It follows that the judgment of the district court must be, and it is,

AFFIRMED.