WILLIAM R. LINCH, APPELLANT, V. JOE F. BERGGREN, EXECUTOR, APPELLEE.

282 N. W. 528

FILED DECEMBER 9, 1938. No. 30369.

*J. Jay Marx* and *C. J. Campbell,* for appellant.

*Peterson & Devoe* and *Jack Devoe, contra.*

Heard before ROSE, C. J., PAINE, CARTER and MESSMORE, JJ., and LANDIS and KROGER, District Judges.

KROGER, District Judge.

Appellant, hereinafter referred to as plaintiff, commenced this action in the municipal court of the city of Lincoln against the appellee, hereinafter referred to as defendant, and from an adverse judgment in municipal court took an appeal to the district court for Lancaster county, Nebraska. A jury was waived and trial had to the court. The only issue presented to the trial court was whether there had been an account stated.

The testimony of the plaintiff, which was corroborated by his brother, was to the effect that on May 6, 1932, the parties met at a bank in Lincoln at which time it was mutually agreed that there was a balance of $517.42 due the plaintiff. The defendant denied that he had agreed upon a balance due, and testified that on May 6, 1932, he indorsed and delivered to plaintiff a certain hail loss check and at that time informed plaintiff that the payment then made constituted an overpayment of the amount due.

Upon this conflicting testimony, the trial court found

that plaintiff had failed to sustain the burden of proof and rendered judgment in favor of the defendant. From this finding and judgment this appeal is prosecuted.

The plaintiff's principal assignment of error is that the judgment is not sustained by the evidence.

It has been the uniform holding of this court that, where a jury is waived in an action at law, the court's findings have the same effect as a verdict of the jury and will not be set aside on appeal unless clearly wrong. *Bank of Roca v. Meyer, ante,* p. 128, 280 N. W. 449; *Hole v. Hamp,* 134 Neb. 259, 278 N. W. 480; *Nelson v. Nelson,* 133 Neb. 458, 275 N. W. 829.

The most that can be said for plaintiff's position in this case is that he produced two witnesses to support his theory of the case and the defendant produced but one. However, it has always been the rule in this state that the trier of facts may give to the testimony of one witness greater weight than that of a greater number of witnesses, if such testimony is deemed entitled thereto. In this case, the trial court observed the witnesses and evidently believed the testimony of the defendant.

There being no error in the record, the judgment is

AFFIRMED.