CHARLES D. TULLIS, APPELLEE, V. ELOF E. BLIXT ET AL., APPELLANTS.

285 N. W. 307

FILED APRIL 14, 1939. No. 30508.

*Allan F. Black, Frank Kelly* and *J. Ernest Deming*, for appellants.

*Edwin F. Myers, Kenneth L. Myers* and *Edwin J. F. Myers*, contra.

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

SIMMONS, C. J.

In this action plaintiff sued for damages, alleging that the defendants operated an automobile on a public highway in a negligent manner, striking him, and causing personal injuries. The defendant Blixt was the owner of, and riding in, the car. The defendant Stone was driving. Plaintiff alleged that the defendants were engaged in a joint enterprise. Defendants pleaded that the plaintiff's injuries were caused by his own negligence. Trial was had to the court without a jury. Judgment was rendered for the plaintiff against both defendants. The defendants appeal, assigning generally that the judgment of the trial court is not sustained by, and is contrary to, the evidence, and is contrary to law.

About 11:00 or 11:30 o'clock on the night of March 27, 1937, plaintiff, with two companions, was driving south of the city of Broken Bow, in Custer county, Nebraska, when his car tipped over in the ditch along the east side of the road. Plaintiff, assisted by others, righted his car so that it was standing on the east side of the road, facing in a northerly direction, with the left front wheel upon the traveled portion of the highway. A second car was immediately behind his car in a position to push his car onto the traveled portion of the highway. On the west side of the highway, and off of the traveled portion, were one or more cars. One car (later mentioned herein) was 50 to 75 feet south of, and across the road west of, the plaintiff's car. Lights were burning on all of the cars, and a number of people were on the highway in and about the cars, either viewing the accident or assisting the plaintiff. At the plaintiff's suggestion, one of the men who was with him had gone down the highway to a point 200 feet south of the point of the accident in order to warn approaching cars. The highway was straight and level from a quarter of a mile south to the point of the accident. The night was clear, and the visibility was good.

With that situation existing, the defendants approached the scene of the accident, coming from the south and going toward the north. There is a dispute as to the speed with which the defendants were traveling. Defendants fix their speed at 35 miles an hour when they rounded a curve and entered the straight portion of the highway. Plaintiff's witnesses fixed that speed at from 40 to 45 miles an hour with an increase of speed when the flagman attempted to stop them. One of the plaintiff's witnesses testified that, when he saw the defendants' car approaching, he blinked his lights. Defendants denied seeing the flagman; admitted seeing the lights of the cars for some distance and the people upon the highway; and fixed their rate of speed at from 15 to 20 miles an hour as they came up to the standing cars. Immediately before the accident, from which plaintiff's injuries resulted, plaintiff's witnesses testified that he was standing within a foot of and leaning over the left front fender of his car, attempting to fasten the hood of his car.

Defendants testified that as they approached the cars and the people on the highway they turned their car to the left to avoid hitting some one on the highway, and hit the fender of the car which was on the west side of the road, 50 to 75 feet south of the plaintiff's car. Defendants' car then swung to the right, diagonally across the highway, hit two people, one of whom was standing with his foot on the running board of plaintiff's car, knocked down and ran over the plaintiff, dragging his body for a distance fixed by plaintiff's witnesses at from 15 to 20 feet, and going on down the highway, before stopping, a distance fixed by plaintiff's witnesses at from 100 to 150 feet. Defendants deny those distances, but do not fix any definite distance traveled after hitting the plaintiff. Defendants' answer alleges that after the impact they applied "full brake," and stopped in not to exceed 50 feet. If defendants had stopped within 50 feet after hitting the first car, the injuries to plaintiff probably would not have occurred.

The defendants' witnesses testified that the plaintiff was

intoxicated and staggered out upon the highway in front of and backward into defendants' car, and that his negligence contributed to and caused the accident resulting in his injuries. Plaintiff's witnesses, although admitting his use of intoxicants earlier in the evening, denied that he was intoxicated and denied the factual situation testified to by defendants' witnesses.

An able and experienced trial court heard the witnesses, visited the scene of the accident, found that the defendants were engaged in a joint enterprise, that the defendants were negligent, and that the plaintiff was not guilty of contributory negligence. The main traveled portion of the highway was free of obstruction. A careful, prudent driver would have had no difficulty in passing the cars and people then on the highway. The trial court found that the speed with which the defendants admitted that they were traveling, "having regard for the traffic and use of the road and the condition of the road, was excessive, imprudent, unreasonable, and such as to endanger the life and limb of persons, and constituted negligence on the part of the defendants."

Judgment was rendered for the plaintiff for $207, medical, dental, hospital, and other items of expense, and $600 for compensation for injuries received. It is not contended that the amount of the award is excessive.

We have read the record in this case. In many respects, the testimony of the defendants sustain the plaintiff's evidence as to the accident, its cause, and his injury. The findings of fact made by the trial court are fully sustained by the evidence.

It is the established rule of this court that, "When a jury is waived and a law action is tried to the court, findings of fact have the same effect as findings of a jury. They will not be set aside unless clearly wrong." *Vohland v. Barron*, 126 Neb. 50, 252 N. W. 470; *In re Estate of Wotke*, 133 Neb. 739, 277 N. W. 45.

"A motorist driving at such speed that he cannot stop or turn aside in time to avoid an obstruction discern-

ible within the range of his vision is usually negligent." *Hardung v. Sheldon,* 133 Neb. 427, 275 N. W. 586.

"Where in a law action a jury is waived and trial is had to the court, and an examination of the entire record discloses no prejudicial error, the judgment will be affirmed." *State of New Mexico v. First Nat. Bank,* 111 Neb. 477, 196 N. W. 711.

The judgment of the trial court is

AFFIRMED.