EVA POLLOCK, APPELLANT, V. CONSOLIDATED SCHOOL DIS-
TRICT NO. 65, APPELLEE.

293 N. W. 108

FILED JUNE 21, 1940.   NO. 30726.

*Moyer & Moyer* and *G. B. Hastings,* for appellant.

*Butler, James & McCarl, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER,
MESSMORE and JOHNSEN, JJ.

JOHNSEN, J.

Plaintiff has appealed from the dismissal, on a trial with-

out a jury, of her action upon a warrant, purporting to have been issued by defendant school district.

The warrant is dated September 22, 1922; is in the face amount of $541.35; is payable to the order of R. A. Fife Corporation; is indorsed by the payee in blank; is directed to the treasurer of the district; purports to have been drawn by D. G. Newth, as director, and countersigned by H. E. Watkins, as moderator; bears a registration number and a notation over the treasurer's signature, "Registered for payment this 19th day of November, 1923;" and contains an indorsement, dated January 31, 1927, reciting payment of interest thereon to September 30, 1925.

The instrument was actually drawn by the treasurer, who signed the names of Newth and Watkins thereto and delivered it to the payee, for school supplies furnished the district. On February 18, 1924, the payee transferred it, for value, to the now defunct Lincoln Trust Company. The latter in turn made two intermediate transfers and repurchases of the instrument, and finally transferred it to plaintiff, for its face value and interest, on September 7, 1927. Plaintiff does not appear to have attempted to collect interest or otherwise to have made presentation of the instrument, until shortly before the institution of this action in 1938.

Defendant's answer denied liability on the grounds that the issuance of the instrument was unauthorized; that it was an invalid warrant because the signatures of Newth and Watkins were forged; that Watkins in fact was not even moderator of the district on the date involved; that, since the warrant was unauthorized and invalidly executed, it was not entitled to registration; and that any implied obligation arising out of the instrument or the transaction on which it was based was barred by the statute of limitations.

Plaintiff alleged in reply that Newth and Watkins were the regular and proper officers of the district to execute the warrant; that they had duly authorized the treasurer to sign their names thereto, with the same effect as if they

had personally executed the instrument; that, in any event, the registration of the warrant and the payment of interest thereon to September 30, 1925, amounted to a ratification; that, further, when the warrant was presented to the district shortly before the institution of this action, it had given as its sole reason for refusing to make payment that the instrument was barred by the statute of limitations, and that it therefore was estopped to deny liability on any other ground.

The case, as we have indicated, was tried to the court without a jury. The trial court made a general finding in favor of defendant, and thereby resolved every controlling issue of fact against plaintiff. In this situation, we cannot review any question of fact further than to determine whether the trial court's finding thereon is clearly wrong. *Carter v. Parsons,* 136 Neb. 515, 286 N. W. 696; *Linch v. Berggren,* 135 Neb. 530, 282 N. W. 528.

Two questions of fact, determined against plaintiff by the trial court and adequately supported by competent evidence, preclude a reversal of the judgment on our part, without regard to the merits of the legal propositions for which plaintiff contends. The first one is the finding that Watkins was not the moderator of the district at the time the warrant was issued. The statute provides that all district warrants shall be countersigned by the moderator. Comp. St. 1929, sec. 79-401. Hence, even if the warrant in this case had been executed by Watkins personally, instead of by the treasurer in his behalf, it still would not have been a valid warrant, because Watkins was not the moderator. The treasurer would not be privileged to make payments upon it *as a warrant,* either of principal or of interest, since it was not an order on the part of officers of the district in whom the law had vested the authority to direct payment of the district's funds by this means. *State v. Cook,* 43 Neb. 318, 61 N. W. 693. Similarly, because it did not comply with the requirements of the statute, it was not entitled to registration as a warrant. A public treasurer is authorized to register warrants only where no other reason exists

for their nonpayment except the fact that "there are not sufficient moneys on hand to the credit of the proper fund to pay the same." Comp. St. 1929, sec. 77-2403. If there is some other valid reason why a warrant is not entitled to payment, such as a lack of proper execution, it is his duty to refuse payment upon it, as a warrant, on that ground, regardless of whether or not he has sufficient funds on hand with which to pay it. But the mere fact alone that the treasurer had undertaken to register the warrant in the records of the district, before plaintiff's purchase of it, did not improve her legal position, because it was, of course, purely a nonnegotiable instrument. *State v. Cook, supra; Lincoln Nat. Bank & Trust Co. v. School District,* 124 Neb. 538, 247 N. W. 433.

The second controlling fact against plaintiff, under the findings of the trial court, is that the members of the school board did not know that the treasurer had registered the warrant or made payments of interest upon it, and that they had no knowledge of any other fact that could afford any possible basis for a claim of ratification. Hence, even if a warrant which fails to meet the statutory prescription for its issuance can subsequently, by ratification, become transformed into a valid warrant,—which we need not decide—there is nothing to help plaintiff here.

All this leads to the simple and perhaps regrettable result that the statute of limitations has run against plaintiff's claim. The school district, however, has the right to rely upon the statute of limitations as a defense. *May v. School District,* 22 Neb. 205, 34 N. W. 377. Since the warrant as such was invalid, all that it could do, in legal effect, was to evidence and convert into written form the obligation of the transaction out of which it arose. The statute of limitations commenced to run upon that obligation at the time the last interest payment was made by the treasurer, which was more than ten years prior to the institution of this action. *Nebraska State Bank Liquidation Ass'n v. Village of Burton,* 134 Neb. 623, 279 N. W. 319. The attempted registration of the instrument did not toll the statute of

limitations, because, as already indicated, it was not entitled to such registration under the statute. If it had been, the limitation would not have commenced to run against it until it was regularly called for payment as a registered warrant, unless there had been a previous repudiation of it. Comp. St. 1929, sec. 77-2403. Defendant's denial of liability on the ground of the statute of limitations, at the time plaintiff made presentation of the warrant, necessarily implied the right to show all the facts of the situation, since it was only because of these that the limitation had run.

Defendant has argued that, even if Watkins had in fact been the moderator and if he and the director had actually authorized the treasurer to sign the warrant for them, the instrument would still not be a valid warrant because this duty was not delegable. Since the case is in any event controlled by the trial court's findings upon the two issues of fact which we have discussed, we shall not pass upon that question. It may be commented that the manner in which the board permitted the affairs of the district to be run, as indicated by the record, is both inconceivable and intolerable as a matter of public responsibility. The treasurer here involved apparently handled all the business affairs of the district. He was allowed to sign the other officers' names to reports and warrants. In the instance in suit, he apparently overlooked the fact that the moderator had been changed just a short time previously. Although he had retired from office some ten years prior to the institution of this action, he had not been called upon to surrender his warrant register record until this controversy arose. Up to that time, no other officer of the district appears to have heard of plaintiff's warrant. Warrants issued subsequent to that of plaintiff had been duly paid. This recitation is made so that officers will be reminded of their duty, if this condition still exists in the district.

The findings of the district court, as we have indicated, are duly supported by competent evidence so that they cannot be disturbed.

AFFIRMED.